UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RANDY COWHERD,<br><br>               Plaintiff,<br><br>   vs.<br><br>MIKE LEIDHOLT, SECRETARY OF CORRECTIONS,<br><br>               Defendant. | 5:19-CV-05027-KES<br><br><br>ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION |

Plaintiff, Randy Cowherd, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 12. This court screened Cowherd's complaint under 28 U.S.C. § 1915A and directed service. Docket 7. Cowherd moves for an emergency preliminary injunction. Docket 6.

"A preliminary injunction is an extraordinary remedy[.]" *Roudachevski v. All–Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011); *see also Hughbanks v. Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). " 'The primary function of a preliminary injunction is to preserve the status

quo until, upon final hearing, a court may grant full, effective relief.' " *Rathmann Group v. Tanenbaum*, 889 F.2d 787, 789-90 (8th Cir. 1989) (quoting *Ferry-Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 593 (8th Cir. 1984)). The Eighth Circuit held that " 'the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction[.]' " *Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)).

"To demonstrate irreparable harm, a plaintiff must show that the harm is 'certain, great and of such imminence that there is a clear and present need for equitable relief.' " *Gard v. Dooley*, No. 4:14-cv-04023-LLP, 2014 WL 4243586, at *1 (D.S.D. Aug. 26, 2014) (quoting *Packard Elevator v. Interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986)). A " 'plaintiff must make a showing of actual, substantial harm resulting from the alleged infringement.' " *Id.*; (quoting *Travelers Express Co. v. Transaction Tracking Techs., Inc.*, 305 F. Supp. 2d 1090, 1095 (D. Minn. 2003)).

Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). And "for an injunction to issue 'a right must be violated' and 'the court must determine' whether 'a cognizable danger of future violation exists and that danger must be more than a mere possibility.' " *Id.* (quoting *Rogers*, 676 F.2d at 1214).

Cowherd alleges that a preliminary injunction is necessary because the prison policy prevented him from timely filing his response in his habeas case. *See* Docket 12 at 2; Docket 6 at 1. But Cowherd was able to file his response and has not alleged that there is a present need for immediate relief. Further, the primary purpose of a granting a preliminary injunction is to "preserve [the] status quo" until a hearing or a trial. *Rathmann Group*, 889 F.2d at 789. If the court were to grant Cowherd's motion for preliminary injunction, it would grant the ultimate relief he seeks. Cowherd was clear in his complaint that he was not seeking monetary damages but only injunctive and declarative relief. Docket 12 at 3 (asking for the court to issue "a temporary restraining order of the policy" to "set a hearing on a preliminary injunction at the earliest opportunity" to "compel[] the defendant to suspend the policy" and to "enter a permanent injunction[.]"). Because speculative harm is not enough to support a preliminary injunction and Cowherd has failed to show irreparable harm, his motion for an emergency preliminary injunction is denied. *See Adam-Mellang,* 96 F.3d at 299.

Thus, it is ORDERED that Cowherd's motion for an emergency preliminary injunction (Docket 6) is denied.

Dated March 13, 2020.

                            BY THE COURT:

                            /s/ ***Karen E. Schreier***
                            KAREN E. SCHREIER
                            UNITED STATES DISTRICT JUDGE