UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RANDY COWHERD,<br><br>          Plaintiff,<br><br>     vs.<br><br>MIKE LEIDHOLT, South Dakota<br>Secretary of Corrections,<br><br>          Defendant. | 5:19-CV-05027-KES<br><br>ORDER DENYING PLAINTIFF'S<br>MOTIONS TO STRIKE AND FOR<br>SUMMARY JUDGMENT, GRANTING<br>DEFENDANT'S CROSSMOTION FOR<br>SUMMARY JUDGMENT AND<br>DENYING DEFENDANT'S MOTION<br>TO DISMISS |

Plaintiff, Randy Cowherd, filed this pro se civil rights lawsuit against defendant, Mike Leidholt, South Dakota Secretary of Corrections, under 42 U.S.C. § 1983. Docket 12. Cowherd has moved for summary judgment. Docket 14. Leidholt has filed a cross-motion for summary judgment. Docket 8. Leidholt has further moved to dismiss this action. Docket 26. Cowherd has also moved to strike the Reply Brief and the Motion to Dismiss filed by Leidholt (Dockets 26, 30). Docket 31. For the reasons outlined below, the court denies Cowherd's motion to strike, denies Cowherd's motion for summary judgment, grants Leidholt's cross-motion for summary judgment, and denies Leidholt's motion to dismiss.

## FACTS

Viewing the facts in the light most favorable to Cowherd, the facts are: Randy Cowherd is currently incarcerated at the South Dakota State

Penitentiary (SDSP) in Sioux Falls, South Dakota. Docket 28 at 1. Previously, Cowherd was incarcerated at the Rapid City Community Work Center (RCCWC) in Rapid City, South Dakota, and then at Mike Durfee State Prison (MDSP) in Springfield, South Dakota. *Id*. Mike Leidholt, in his official capacity as South Dakota Secretary of Corrections, is the named defendant in this case. *Id* ¶ 2.

Cowherd is an indigent inmate. Docket 1 at 2. An indigent inmate is defined by the South Dakota Department of Corrections as an inmate who "has made no purchases from his institutional spending account in the previous calendar month" and "[h]as a zero balance . . . due to his institutional spend[ing] account not having any funds." Docket 20-1 at 1.

The RCCWC and the MDSP have a policy that requires inmates to pay $0.05 per page for printer paper. Docket 20 ¶ 3. Under the same policy, indigent inmates are allowed $2.00 each month, or forty pages, for printer paper. *Id*. In addition to printer paper, inmates may request paper to produce handwritten documents. *Id* ¶ 4. Requests for extra paper are considered on a case-by-case basis; however, inmates are permitted as much paper as needed to create handwritten documents if they do not abuse their privilege. *Id* ¶¶ 5-6. Alternatively, indigent inmates may purchase additional paper through the indigent commissary service. Docket 20 ¶ 4.

Beginning in 2018, Cowherd litigated a habeas corpus action against the South Dakota Department of Corrections. *See* Docket 19 at 4. In February 2019, Cowherd informed Melody Tromburg, a Unit Manager at the RCCWC, that he needed to file documents with the court and would need more than his

allotted forty pages for the month. Docket 20 ¶ 5. Following Cowherd's request, Tromburg contacted Associate Warden Reyes, who authorized Tromburg to allow Cowherd to exceed the forty-page limit free of charge. *Id.* The following month, Cowherd again used all forty pages of paper allotted to him as an indigent inmate. *See* Docket 15 ¶¶ 1-2. In March 2019, Cowherd requested additional printing paper for use in his habeas action. *See* Docket 15 ¶¶ 1-3. Cowherd asserts that these requests for additional paper from the RCCWC were "disregarded." Docket 1 at 2. Cowherd then requested an extension to the submission deadline from the court, which was granted. Dockets 22, 24.

Prior to Leidholt being served in this action, United States Magistrate Judge Veronica L. Duffy recommended that Cowherd's habeas action be dismissed. Docket 27 at 2. United States District Court Judge Jeffrey L. Viken then issued an order that Cowherd's habeas action be denied on September 30, 2019. *Id.* Cowherd filed a motion to reconsider on October 28, 2019, which the court ultimately denied on January 2, 2020. *Id.*

On November 26, 2019, Cowherd was transferred from the RCCWC to MDSP in Springfield, South Dakota. Docket 28 ¶ 3. Cowherd was later transferred from MDSP to the SDSP in Sioux Falls, South Dakota on January 2, 2020 where he remains incarcerated. *Id* ¶ 4. While indigent inmates at the RCCWC and MDSP are subject to the policy regarding paper use to which Cowherd objects here, inmates at the SDSP are not. Docket 20-1 at 1-4; Docket 27 at 2-4.

## DISCUSSION

### I.   Cowherd's Motion to Strike

Cowherd alleges that the arguments made by Leidholt in his Reply Brief and Motion to Dismiss were made to "waste the court's valuable time." Docket 31 ¶ 1. Cowherd also asserts that Leidholt's reply and motion should be stricken because they have required Cowherd to "rewrite an already typed response." *Id* ¶ 4. Cowherd concludes by arguing that the reply and motion should be stricken because Leidholt did not address a variety of Cowherd's arguments Cowherd. *Id* ¶ 5.

The Federal Rules of Civil Procedure permit courts to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While courts have wide discretion to strike pleadings under the Federal Rules, "striking a party's pleadings is an extreme measure, and [thus] motions to strike . . . are viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations omitted). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (quoting 2A James Wm. Moore et al., Moore's Federal Practice § 12.21 (2d ed. 1975)). Further, "[c]ourts should deny a motion to strike unless the challenged actions have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Elliott v. Schlumberger*

4

*Tech. Corp.*, No. 13–CV–79, 2014 WL 12469957, at *3 (D.N.D. Sept. 24, 2014) (internal quotations omitted).

Here, neither Leidholt's Reply Brief nor his Motion to Dismiss contain any redundant, immaterial, impertinent, or scandalous content. Cowherd contends that Leidholt's argument—that Cowherd's claim is moot due to his relocation from the RCCWC—is baseless and has been "made to waste the court's valuable time." Docket 31 ¶ 1. Cowherd fails to present evidence of such bad-faith motivation by Leidholt. Further, the court will not strike Leidholt's mootness claim because it is sufficient as a matter of law. Additionally, Leidholt's mootness argument does not prejudice Cowherd in this case. While Cowherd argues that Leidholt's Reply Brief and Motion to Dismiss have prejudiced Cowherd by forcing him to "rewrite an already typed response," the standard practice of a defendant filing replies and motions does not prejudice the plaintiff. Cowherd further asserts that "[e]very argument [Leidholt] has [put] forth is made to sidetrack the [c]ourt's attention" and that Leidholt has failed to address "the reasons [for] treating indigents less than equal." *Id.* ¶¶ 3, 5. Cowherd fails to present evidence that any of Leidholt's arguments prejudice Cowherd in this action. Further, a defendant's failure to respond to a plaintiff's arguments is not grounds to strike a pleading under Rule 12. Thus, the court denies Cowherd's Motion to Strike.

## II.  Cowherd and Leidholt's Motions for Summary Judgment

Cowherd argues that he is entitled to summary judgment because: he has suffered actual injuries resulting from the Department of Correction's Indigent Inmate Policy delaying his habeas proceedings, Leidholt has admitted that the Department's policy only limits the work of indigent inmates, and Leidholt has no immunity from non-monetary damage suits. Docket 14. Cowherd then argues that he is entitled to summary judgment under the law because the Constitution of the United States prohibits the Department of Corrections from denying inmates access to the courts and "discriminat[ing] against someone exercising a constitutional right [due to] the amount of money possessed by that person." *Id*. Leidholt opposes Cowherd's Motion for Summary Judgment. Docket 18. Leidholt has also filed a cross-motion for summary judgement. Docket 19.

### A.  Legal Standard

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by showing that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To avoid summary judgment, "[t]he nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a

6

genuine issue for trial.' " *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). The underlying substantive law identifies which facts are "material" for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48 (emphasis omitted).

Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved . . . in favor of either party." *Id.* at 250. Prisoners who proceed pro se are entitled to the benefit of liberal construction at the pleading stage. *Quam v. Minnehaha Cty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987). Nonetheless, the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure remains applicable to prisoners proceeding pro se. *Id.* The district court is not

required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996).

Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980). "[W]hen dealing with summary judgment procedures technical rigor is inappropriate where . . . uninformed prisoners are involved." *Ross v. Franzen,* 777 F.2d 1216, 1219 (7th Cir. 1985).

## B.    Legal Analysis

Leidholt concedes that there is no issue of material fact between himself and Cowherd and contends that he, rather than Cowherd, is entitled to judgment as a matter of law. Docket 19 at 1. The court will now address the legal merits of Cowherd's contention that he has been denied access to the courts.

"Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access." *See Aswegan v. Henry,* 981 F.2d 313, 314 (8th Cir. 1992) (holding that a prison's policy of denying inmates unlimited access to a telephone did not violate their constitutional right of meaningful access to the courts). "[T]he right to meaningful access to the courts ensures that prison officials may not erect unreasonable barriers to prevent prisoners from pursuing or defending all

8

types of legal matters[.]" *Schrier v. Halford,* 60 F.3d 1309, 1313 (8th Cir. 1995).

"[P]risons or jails may impose barriers impairing the right of access to the

courts . . . when the reason for doing so is reasonably related to legitimate

penological interests." *Stanko v. Patton*, 568 F. Supp. 2d. 1061, 1076 (D. Neb.

2008) (internal quotations omitted), *aff'd*, 357 F. App'x 738 (8th Cir. 2009). "To

prove a violation of the right of meaningful access to the courts, a prisoner

must establish the state has not provided an opportunity to litigate a claim . . .

which resulted in actual injury[.]" *White v. Kautzky*, 494 F.3d 677, 680 (8th

Cir. 2007). "To prove an actual injury, [the plaintiff] must 'demonstrate that a

nonfrivoulous [sic] legal claim had been frustrated or was being impeded.' " *Id.*

(quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Cowherd is not entitled to any particular means of access to the

courts. As a result, he is not entitled to prepare printed rather than

handwritten court documents. Like the prisoner in *Aswegan*, who was not

entitled to unlimited telephone use, Cowherd is not entitled to unlimited

printer paper. As Leidholt notes, Cowherd had the option to request writing

paper so he could produce handwritten documents. Docket 19 at 7; Docket 20

¶ 6. Cowherd has not presented evidence indicating that he requested writing

paper as an alternative to printing paper. Also, Cowherd has not shown how

the restrictions on his use of printing paper resulted in him suffering an actual

injury. Cowherd's request for an extension of time to submit his answer was

granted by the court and his habeas action was later dismissed on grounds

unrelated to his claim here. Dockets 24, 27 at 2. Thus, the Department of

Corrections' policy restricting the use of printer paper by indigent inmates has not been an unreasonable barrier to Cowherd's ability to pursue legal matters. Further, a restriction on the use of paper by indigent inmates is reasonably related to legitimate government interests such as conserving the prison's resources and preventing inmates from abusing the privilege to use printing paper. Thus, the court finds that Cowherd was not denied access to the courts.

Cowherd has not presented any facts that would raise a genuine issue of material fact for trial. After viewing the facts in the light most favorable to Cowherd and the law as stated previously, the court finds that Leidholt is entitled to judgment as a matter of law and grants Leidholt's Cross-Motion for Summary Judgment.[1]

### III.    Leidholt's Motion to Dismiss

The court has granted the Defendant's Cross-Motion for Summary Judgment (Docket 21), and determined that Cowherd has failed to raise an issue of material fact. Thus, the court does not reach the issue of mootness raised in Secretary Leidholt's Motion to Dismiss.

---

[1] Cowherd notes in his Response and Objection to Leidholt's Motion to Dismiss that the issue of discrimination against indigent inmates continues regardless of the impact of the policy on his habeas action and the location of his incarceration. Docket 29 at 2. Whatever the merits of this claim, the court does not reach it because Cowherd can only assert his own rights and cannot assert the rights of other indigent inmates who are not before the court. *See Kowalski v. Tesmer* 543 U.S. 125, 129 (2004) (articulating the standing doctrine).

## CONCLUSION

The court finds that neither Leidholt's Reply Brief nor his Motion to Dismiss contains any redundant, immaterial, impertinent, or scandalous matter. The court also finds that there is no issue of material fact between the parties in this action and, as a matter of law, Cowherd has not been denied access to the courts. Finally, the court does not reach the issue of mootness raised in Leidholt's Motion to Dismiss. Thus, it is

ORDERED that Cowherd's Motion to Strike (Docket 31) is denied, Cowherd's Motion for Summary Judgment (Docket 14) is denied, Leidholt's Cross-Motion for Summary Judgment (Docket 18) is granted, and Leidholt's Motion to Dismiss (Docket 26) is denied as moot.

Dated August 17, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE